UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CV-224-BR

| | |
|---|---|
| KABA ILCO, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| HPC, INC., ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3), or in the alternative, to transfer venue to the Northern District of Illinois. The motion has been fully briefed and is ripe for disposition.

I. BACKGROUND[1]

Plaintiff is a corporation organized and existing under the laws of Canada, with its principal place of business in Montreal, Canada. (Compl. ¶ 1.) Plaintiff has "a related company[,]" Kaba Ilco Corp. (hereinafter "Kaba Corp."), which is located in Rocky Mount, North Carolina. (Id.) Defendant (hereinafter "HPC") is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business in Illinois. (Compl. ¶ 2; Hoffman Aff. ¶ 3.) Plaintiff is the holder of a patent ("the '224 patent") for a key-cutting machine. (Compl. ¶ 4.) HPC manufactures and sells "a key-cutting machine known as the Blue SHARK™, which" plaintiff alleges infringes on the '224 patent. (Compl. ¶ 6.) Kaba Corp. "sells products most closely competing with HPC's Blue SHARK™ key-cutting machine." (Br. Opp. Mot. Dismiss at 9.)

---

[1] "For the limited purpose of ruling on defendant's motion [to dismiss for lack of personal jurisdiction], the court has accepted as true the facts alleged by plaintiff in the complaint and will view them in a light most favorable to plaintiff." Superguide Corp. v. Kegan, 987 F. Supp. 481, 485 (W.D.N.C. 1997).

HPC has no established place of business in North Carolina. HPC does have an "independent, manufacturing representative[] . . . that services North Carolina . . . [and] that sells and offers to sell not only HPC products, but products of other companies as well." (Hoffman Aff. ¶ 6.) This representative is not an employee of defendant, and HPC has no control over the representative. (Id.) The representative "purchase[s] HPC's products in Illinois . . . and at that point HPC's involvement in the transaction comes to an end." (Reply Supp. Mot. Dismiss at 2.)

## II. DISCUSSION

Personal jurisdiction in patent infringement cases is governed by the law of the United States Court of Appeals for the Federal Circuit rather than that of the regional circuit in which the action arose. Beverly Hills Fan Co. v. Royal Sovereign Corp., 21 F.3d 1558, 1564 (Fed. Cir. 1994). To establish personal jurisdiction in a patent action over a non-resident defendant, a plaintiff must show that the forum state's long-arm statute applies, and that the requirements of due process are satisfied. Commissariat A L'Energie v. Chi Mei Optoelect., 395 F.3d 1315, 1319 (Fed. Cir. 2005).

. . . .

In the personal jurisdiction context, due process requires that the non-resident defendant have "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Minimum contacts are satisfied under one of two theories: general jurisdiction or specific jurisdiction. General jurisdiction arises where the defendant maintains "continuous and systematic" contacts with the forum state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-16 (1984). In contrast, specific jurisdiction arises where the defendant purposefully establishes minimum contacts with the forum state, the cause of action arises out of those contacts, and jurisdiction is constitutionally reasonable. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472, 476-77 (1985). In this case, only specific jurisdiction is at issue.

The Federal Circuit has established a three-prong test for determining whether the exercise of specific jurisdiction is consistent with due process: (1) whether the defendant purposefully directed its activities at residents of the forum, (2) whether the claim arises out of or relates to those activities, and (3) whether assertion of personal jurisdiction is reasonable and fair. Akro Corp. v. Luker, 45 F.3d 1541, 1545-46 (Fed. Cir. 1995). When the court decides a pretrial motion to dismiss for lack of personal jurisdiction without an evidentiary hearing, the plaintiff need prove only a prima facie case of personal jurisdiction. In deciding whether the plaintiff has made such a showing, the court must draw all reasonable inferences

2

> arising from the proof, and resolve all factual disputes, in the plaintiff's favor. <u>Elecs. for Imaging, Inc. v. Coyle</u>, 340 F.3d 1344, 1349 (Fed. Cir. 2003) (citations omitted); <u>accord</u> <u>Mylan Labs., Inc. v. Akzo, N.V.</u>, 2 F.3d 56, 60 (4th Cir. 1993). Once the plaintiff has satisfied its initial burden, however, the defendant must prove that the exercise of jurisdiction is unreasonable. <u>See</u> <u>Coyle</u>, 340 F.3d at 1350 (citations omitted).

<u>Kernius v. International Electronics, Inc.</u>, 433 F. Supp. 2d 621, 622-23 (D. Md. 2006) (some citations omitted).

The relevant North Carolina statute governing jurisdiction provides for jurisdiction over any defendant who "is engaged in substantial activity within" North Carolina. N.C. Gen. Stat. § 1-75.4(1)d; <u>see</u> <u>also</u> <u>Christian Sci. Bd. Dirs. of the First Church of Christ, Scientist v. Nolan</u>, 259 F.3d 209, 215 (4th Cir. 2001). "It has been held . . . that the North Carolina long-arm statute extends to the outer bounds of due process, making analysis under the statute and the due process clause of the Constitution one and the same." <u>Federal Deposit Ins. Corp. v. British-American Corp.</u>, 726 F. Supp. 622, 629 (E.D.N.C. 1989) (citing <u>Dillon v. Numismatic Funding Corp.</u>, 291 N.C. 674 (1977)).

Plaintiff argues that HPC is subject to personal jurisdiction because plaintiff is suffering damages in this district from HPC's sales of its allegedly infringing product via its representative. (Resp. Opp. Mot. Dismiss at 6.) Plaintiff relies on the holding in <u>Beverly Hills</u>, 21 F.3d at 1565-66, where the Federal Circuit concluded that the district court possessed personal jurisdiction over a foreign corporation because the corporation, in conjunction with its distributor, "placed the accused [products] in the stream of commerce, they knew the likely destination of the products, and their conduct and connections with the forum state were such that they should reasonably have anticipated being brought into court there." HPC counters that, unlike the corporate defendant's distributor in <u>Beverly Hills</u>, its source for North Carolina sales is an "independent, manufacturing representative[]" who is not an HPC employee and over whom HPC has no control. (Reply Supp.

Mot. Dismiss at 2.)

The court agrees with HPC and concludes that it lacks personal jurisdiction. "In simple terms, doing business with a company that does business in [North Carolina] is not the same as doing business in [North Carolina]." Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc., 148 F.3d 1355, 1361 (Fed. Cir. 1998) (declaratory judgment action brought by accused infringer; defendant sold its products in the state via licensees); see also Trintec Indus., Inc. v. Pedre Promotional Products, Inc. 395 F.3d 1275, 1281 (Fed. Cir. 2005) ("the availability of Pedre products on non-Pedre websites . . . would support jurisdiction only if Pedre had some responsibility for the third party's advertising of Pedre products on non-Pedre sites"(citation omitted)). The burden is on plaintiff to make its *prima facie* case of personal jurisdiction, and the allegations in the complaint are insufficient to meet this burden. See Pennington Seed, Inc. v. Produce Exchange No. 299, 457 F.3d 1334, 1344 (Fed. Cir. 2006) (infringement action by patentee; "[o]n its face, the complaint lacks sufficient allegations of minimum contacts to establish personal jurisdiction. Thus, the district court did not err by dismissing the First Amended Complaint for lack of personal jurisdiction.").

Because the court concludes that it lacks personal jurisdiction over HPC, the court cannot consider a transfer of this action to another district. See HollyAnne Corp. v. TFT, Inc., 199 F.3d 1304, 1307 (Fed. Cir. 1999) ("once it had decided that it lacked personal jurisdiction and had dismissed the complaint, the district court could not properly transfer the case to the Northern District of California"). At any rate, plaintiff has not asked the court to consider a transfer of the case as an alternative to outright dismissal.

### III. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss this action for lack of personal jurisdiction is ALLOWED, and this action is DISMISSED without prejudice.

This 25 April 2008.

_____
W. Earl Britt
Senior U.S. District Judge

kii/hpc/tec